AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

NORTHERN District of OHIO

UNITED STATES OF AMERICA
V.
JUSTIN OLSEN
*Defendant*

**ORDER OF DETENTION**

Case Number: 4:19M6156

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  a preponderance of the evidence  that

no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. The Court finds that the factors of 18 U.S.C. § 3142(g) warrant a finding in favor of detention. The undersigned has reviewed these factors, as well as the testimony and affidavit of Special Agent Tsarnas of the Federal Bureau of Investigation, the testimony of Defendant's mother and father, and the Pretrial Services Report. While the 3142(g) factor of the history and characteristics of the defendant show that Defendant in this case has no prior criminal history and a stellar school record, the serious nature of the instant offense and the circumstances surrounding Defendant's arrest lead the undersigned to order his detention. Defendant admitted to federal law enforcement that he posted an online statement to an increasing number of followers to "shoot every federal agent on sight[sic]." This post was made in addition to online posts in which Defendant discussed not being able to wait until he could stockpile weapons, he would die to eradicate socialism, he supported breaking gun laws, and he believed that armed resistance worked. Defendant's mother testified that while she did not have concerns regarding Defendant's mental health, she did have concerns regarding his immersion into gun culture and his antisocial views that would not work well in the world and cause social repercussions. Further, upon Defendant's arrest, a large machete was found in the vehicle that he drove. Agents also found in the residence of Defendant's father, with whom he was living, a loaded .9mm glock lying on a shelf in the family room, and large amounts of ammunition lying on the steps leading upstairs. A gun safe also found in the residence contained over 20 guns, along with body armor and "go" bags. Defendant's father testified that he was an avid gun enthusiast and shooting competitor and he took Defendant to the shooting range. The very serious nature of the offense charged, Defendant's other online posts, his increase in followers of such posts, and his access to weapons lead the undersigned to find that Defendant poses a serious risk of danger to the safety of the community if he is released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

8/14/2019
Date

*Signature of Judicial Officer*
UNITED STATES MAGISTRATE JUDGE